BRADLEY, Judge.
This is a driver’s license revocation case.
The plaintiff, Mr. Don Alan Welch, was a member of the United States Air Force. In January 1980 Welch was transferred to Eglin Air Force Base in Florida. While stationed in Florida Welch received two separate DUI convictions and on April 16, 1984 his Florida driver’s license was revoked for a period of five years.
After being honorably discharged from the Air Force, Welch returned home to Alabama and on August 7,1985 applied for an Alabama driver’s license with the Alabama Department of Public Safety (hereinafter referred to as Public Safety). Public Safety initially refused to issue Welch a *515 license, and thereafter he requested an administrative hearing wherein he could be allowed the opportunity to demonstrate that he was now a safe driver and should be issued a license. Public Safety once again refused to issue Welch an Alabama driver’s license and refused to grant him an administrative hearing.
Welch subsequently instituted this action in the Montgomery County Circuit Court seeking declaratory relief and an injunction requiring Public Safety to investigate his driving record to determine whether he should be issued an Alabama driver’s license. The circuit court heard oral testimony on the matter and then held that since the state of Florida previously revoked Welch’s driver’s license for a period of five years, and since the five year revocation had yet to expire, Public Safety was correct in denying his driver’s license application. The circuit court did not specifically address Welch’s claim that he was entitled to an investigation. It did, however, deny Welch’s claim for injunctive relief.
From this order Welch appeals and alleges three contentions of error. First, Welch says that the circuit court erred in ruling that the Alabama Driver License Compact Act does not require Public Safety to investigate his application in this case. Secondly, Welch asserts that the circuit court erred in ruling that section 32-6-6, Code 1976, prevents Public Safety from issuing him a driver’s license. Finally, Welch contends that the circuit court erred in ruling that Florida’s revocation of his Florida driver’s license precludes Public Safety from investigating his driving record or issuing him a new license.
We believe the dispositive issue in this case is whether the Alabama Driver License Compact Act affords an applicant a right to have his driving record investigated when his license has been revoked by another compact state and the prior revocation has yet to expire.
The Alabama Driver License Compact Act provides, in pertinent part:
“Upon application for a license to drive, the licensing authority in a party state shall ascertain whether the applicant has ever held or is the holder of a license to drive issued by any other party state. The licensing authority in the state where application is made shall not issue a license to drive to the applicant if:
[[Image here]]
“(2) The applicant has held such a license, but the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if ‘permitted by law. The licensing authority may refuse to issue a license to any such applicant if, after investigation, the licensing authority determines that it will not be safe to grant to such person the privilege of driving a motor vehicle on the public highways.” (emphasis added)
Article V(2), § 32-6-31, Code 1975.
While we were unable to locate any cases which specifically construe the applicable provisions of Article V of the Alabama Driver License Compact Act, we nonetheless believe that the express language of the statute affords a person a right to have his driving record investigated by Public Safety if he first demonstrates that he is legally permitted to apply for an Alabama driver’s license.
Before we begin, we note that Public Safety did not file a brief with this court and, therefore, we do not have the benefit of its view of the law and the facts of this case.
Welch applied for an Alabama driver’s license on August 7, 1985, more than sixteen months after the revocation of his Florida driver’s license. The Alabama Driver License Compact Act specifically provides that one whose license has been revoked by another compact state for at least one year may apply for an Alabama driver’s license if permitted by law. Article V(2), § 32-6-31, Code 1975.
Welch argues in brief that Public Safety did not follow the procedure as outlined in the Compact Act. Therefore, Welch says that this court should reverse the circuit *516 court’s decision affirming Public Safety’s refusal to investigate his driving record. We disagree.
The express language of the Compact Act imposes a duty upon Public Safety to conduct at least some sort of an investigation in driver’s license cases where the applicant is permitted to apply for a license. Our research into this provision of the Compact Act, however, has revealed no case authority which specifically addresses the issue of when one is permitted by law to apply for an Alabama driver’s license. Furthermore, we are unable to locate any applicable case law in any other jurisdiction relating to this issue.
We note, however, that the legislature has set guidelines for Public Safety to follow in issuing drivers’ licenses. Section 32-6-7 specifically provides that “[a] driver’s license shall not be issued to ... [a]ny person whose driving right or privilege is revoked.” § 32-6-7, Code 1975. Therefore, the Alabama legislature has expressly forbidden the issuance of a driver’s license to anyone whose license has previously been revoked and whose license revocation has yet to expire.
As previously stated, the Compact Act allows Public Safety to investigate the driving record of any driver’s license applicant whose license has been revoked by a compact state for at least one year if Alabama law permits such a person to apply for an Alabama driver’s license. Therefore, the question of whether one in the plaintiff’s position may apply for a license and have his driving record investigated depends upon whether the Compact Act’s provisions may be limited by other driver’s license provisions in the Alabama Code. Article VI of the Alabama Driver License Compact Act expressly states:
“Except as expressly required by provisions of this compact, nothing contained herein shall be construed to affect the right of any party state to apply any of its other laws relating to licenses to drive to any person or circumstances....” (emphasis added)
We are unable to locate any provision within the Compact Act which expressly limits Alabama’s right to enact and enforce other noncompact provisions in driver’s license cases. For this reason, section 32-6-7 must be construed as a provision which limits Public Safety’s duty to investigate the driving records of applicants whose licenses have previously been revoked by other compact states. The Compact Act places an affirmative duty on Public Safety to investigate the driving records of those driver’s license applicants who have served at least one year of a driver’s license revocation imposed by another compact state. The duty to investigate extends to all cases where the applicant is permitted by law to apply for an Alabama driver’s license. Section 32-6-7 expressly prohibits Public Safety from issuing a license to anyone whose driver’s license is currently revoked. Therefore, Public Safety is effectively precluded from either accepting or reviewing the application of anyone whose license is currently revoked. For this reason, we believe the Alabama legislature never intended to allow those currently serving a driver’s license revocation to be able to apply for a new license. Therefore, one whose license is currently revoked in a compact state cannot be said to be permitted by Alabama law to apply for an Alabama driver’s license.
Plaintiff Welch is currently serving a five-year driver’s license revocation handed down in Florida. Since he is in the middle of the license revocation, he is not permitted by Alabama law to apply for an Alabama license until the termination of the Florida driver license revocation.
We, therefore, affirm the trial court’s decision upholding Public Safety’s refusal to consider or investigate Welch’s application for a driver’s license.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.